CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 23 2009

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY MALIK BROWN,<br>    Plaintiff, | Civil Action No. 7:09-cv-00429 |
| v. | MEMORANDUM OPINION AND ORDER |
| GENE JOHNSON, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

This matter is before the court upon plaintiff's motion for a preliminary injunction [Docket #6]. Plaintiff requests that this court issue a order enjoining the defendants from "continuously violating [his] 8th and 14th Amendment Rights and Due Process Rights" by not changing his security classification and transferring him to a lower-security facility within the Virginia Department of Corrections. The court finds no basis for granting injunctive relief and, therefore, denies plaintiff's motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). In determining whether preliminary injunctive relief should be granted, the court applies the "balance of hardship" test. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980). Under this test, the court should consider four factors: 1) whether the plaintiff will suffer irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendant if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether public interest lies with granting relief. Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg., Co., 550 F.2d 189, 195 (4th Cir. 1977). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v.

Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997). In his request for preliminary injunctive relief, Brown claims that unless restrained, the defendants will "continue to ignore [his] approved transfer status." Although he may object to his current security classification and institution assignment, Brown has not alleged any facts which suggest he will suffer any imminent, irreparable harm. Accordingly, it is hereby

**ORDERED**

that plaintiff's motion for a preliminary injunction shall be and hereby is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to plaintiff.

ENTER: This 22nd of October, 2009.

_____
United States District Judge