IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY MALIK BROWN, ) | |
| Plaintiff, ) | Civil Action No. 7:09-CV-00429 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GENE JOHNSON, et al., ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

Plaintiff Anthony Malik Brown, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Brown complains that the defendants have violated his Eighth and Fourteenth Amendment rights by failing to transfer him to a lower-level security institution. The court finds that Brown's complaint is frivolous and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Brown alleges that he has been "charge-free" for fifteen months, has had a Good Conduct Allowance Level of I since 2008, has completed all requirements for his treatment plan, and has three points on his security level assignment. Based on these allegations, Brown believes that he is eligible for transfer to a lower-level security institution than the one he is currently at, Wallens Ridge State Prison ("Wallens Ridge"). Wallens Ridge is a security level 5 institution. Brown claims that he eligible to be transferred to a security level 1 institution, but that he has been waiting for 90 days to be transferred to a security level 4 institution. He argues that the defendants have violated his rights by failing to transfer him to a lower-level security facility.

II.

To the extent Brown alleges that his confinement at Wallens Ridge constitutes a violation of his due process rights afforded under the Fourteenth Amendment, it fails. In order to prevail on a

procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Brown's due process claim fails.

### III.

To the extent Brown alleges that his assignment at Wallens Ridge amounts to cruel and unusual punishment in violation of the Eighth Amendment, it also fails. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff

must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). In addition, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While his confinement at Wallens Ridge may be inconvenient and uncomfortable, Brown has not alleged anything to suggest that his living conditions violate contemporary standards of decency. Nor has Brown demonstrated that because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. Therefore, his living conditions claim fails.

## IV.

Based on the foregoing, Brown's claims are dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This 26th day of October, 2009.

United States District Judge